Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
(310) 388-5624 Fax
Email: Larry@ZernerLaw.com
Attorneys for Plaintiff U2 Home Entertainment,, Inc.

**NOTE: CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U2 HOME ENTERTAINMENT INC., dba CENTURY HOME ENTERTAINMENT, NEW IMAGE AUDIO & VIDEO AND TAISENG ENTERTAINMENT,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SILVER HAWK INTERNATIONAL, INC., a California corporation doing business as SILVER BOOKS & GIFTS and also as 888 VIDEO; BICH THU LINH MUSIC, INC., a California Corporation, ZHI-JUAN ZANG, individually and doing business as WORLD BOOK & PAINTING; SUN VIDEO, T.C., a business entity, form unknown; WILLIAM TAN, an individual doing business as ASIA VIDEO & GIFT; LA TRADERS INTERNATIONAL LLC, doing business as NAN TAN; and PACIFIC SUNNY CITY, INC., a California corporation.<br><br>　　　　　　Defendants | CASE NO.: CV 09-0128 AG (RZX)<br><br>JUDGMENT PURSUANT TO STIPULATION AGAINST SILVER HAWK INTERNATIONAL, INC., A CALIFORNIA CORPORATION DOING BUSINESS AS SILVER BOOKS & GIFTS AND ALSO AS 888 VIDEO |

Plaintiff U2 Home Entertainment, Inc., dba Century Home Entertainment, New Image Audio & Video and Tai Seng Entertainment ("Plaintiff") and Defendant Silver Hawk International, Inc., a California Corporation doing business as Silver Books & Gifts and also as 888 Video ("Defendant"), having generally appeared in the present action, submitted and consented to the jurisdiction of the Court, and having stipulated to the entry of Judgment and Permanent Injunction herein, and good cause appearing,

IT IS HEREBY ADJUDGED, DECREED AND ORDERED:

1. Defendant, and all persons acting in unlawful participation with it with actual notice of this judgment, are hereby permanently enjoined and restrained from infringing any and all of the respective copyright interests of Plaintiff in and to audio-visual programming distributed by Plaintiff (collectively "the Programs"), including, but not limited to all programs distributed on videocassette, DVD, or in any other medium, by, among other things:

A. Importing, copying, reproducing, or duplicating all or any portions whatsoever of the Programs, whether on videocassette, Digital Video Disc (DVD) or otherwise, and/or the packaging and promotional material therefore, including but not limited to labels, signs, prints, posters, packages, wrappers, advertisements, and other printed or duplicated material, unless the Program displays an authentic

"Tai Seng Entertainment" sticker signifying that the Program was originally purchased from Plaintiff.

 B. Advertising, promoting, distributing, offering for sale or rent, or renting or selling, THE PROGRAMS and/or videocassettes or any other forms of reproduction of the Programs, or any portion thereof, unless the Program displays an authentic "Tai Seng Entertainment" sticker signifying that the Program was originally purchased from Plaintiff, and/or

 C. Permitting any person or entity within their control from doing any of the acts described above.

 2. The Court shall have continuing jurisdiction to enforce this Judgment and Permanent Injunction.

 3. The parties shall bear their own costs and attorneys' fees.

 4. If any action or any other proceeding is brought to enforce the Judgment and Permanent Injunction, the prevailing party shall be entitled to recover its costs of suit, including reasonable attorneys' fees, incurred in bringing such action or other proceeding.

 IT IS SO ORDERED:

Date: April 8, 2009

_____
Judge of the United States District Court
Andrew J. Guilford